(80 Misc. Rep. 344.)

PEOPLE ex rel. LA CHICOTTE v. O'KEEFE, Commissioner of Bridges.

(Supreme Court, Special Term, New York County. April 14, 1913.)

MUNICIPAL CORPORATIONS (§ 218*)—REMOVAL OF EMPLOYÉS—OPPORTUNITY FOR EXPLANATION.

    Where the commissioner of bridges, after 5 o'clock p. m. of April 25th, notified a subordinate to appear before him at 10 o'clock a. m. April 26th, and refused an adjournment, and where it appeared that, if any satisfactory explanation of the subordinate's conduct was possible, it would be difficult and be of considerable length, there was a denial of that fair opportunity for explanation, guaranteed under Greater New York Charter (Laws 1901, c. 466) § 1543, which prohibits the removal of a regular clerk or head of a bureau until he has been informed of the cause of the proposed removal and has been "allowed an opportunity for explanation."

    [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 589–598; Dec. Dig. § 218.*]

Application for a peremptory writ of mandamus by the People, on the relation of Henry A. La Chicotte, against Arthur J. O'Keefe, as Commissioner of Bridges. Application granted.

J. Quintus Cohen and Francis G. Caffey, both of New York City, for the motion.

Archibald R. Watson, Corp. Counsel, of New York City (Elliot S. Benedict, of New York City, of counsel), opposed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

GIEGERICH, J. The letter of the commissioner of bridges requiring the relator to. appear before him at 10 o'clock a. m., on April 26, 1912, not having been delivered to the relator until after 5 o'clock in the afternoon of April 25th, and an adjournment having been refused, it must be held, in view of the charges made against the relator in the report of the commissioner of accounts, that the relator was not given a fair opportunity to make an explanation. The right to offer an explanation was guaranteed to the relator by the Greater New York Charter (section 1543), and the provision that he should be allowed an opportunity to do so implies that a fair chance should be given him to be heard in explanation of the matters charged against him. What constitutes a fair opportunity to make an explanation must naturally depend upon the circumstances of the particular case, and the decision of that question must rest to a great extent in the discretion of the officer making the removal. · People v. Thompson, 94 N. Y. 451, 467. In the present case there was certainly a great deal in the conduct of the relator which required explanation. The report of the commissioner of accounts upon the relator's conduct while in office was lengthy and referred to a number of different circumstances. It is apparent that, if any satisfactory explanation was possible, it would at least be difficult, and would require to be made at considerable length. The court cannot say that no explanation was possible, and I am of the opinion, in view of the scope and subject-matter of the charges made by the commissioner of accounts and the necessary scope of any satisfactory explanation, that a fair opportunity was not given the relator to make an explanation.

The application must be granted, but, under the circumstances disclosed by the record, without costs. Settle final order on notice.